# EXHIBIT A



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**Law Department**

MAR 27 2018

**SUPERIOR COURT**

**SUMMONS**

| Civil Action File Number |
|---|
| PC-2018-1933 |

| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
|---|---|
| Roberta Ricci | Peter Petrarca |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| **Defendant** | 330 SILVER SPRING ST |
| City Of Providence | PROVIDENCE RI 02904 |

| Licht Judicial Complex | **Address of the Defendant** Serve City Solicitor |
|---|---|
| Providence/Bristol County | 25 Dorrance Street    Jeff DANA |
| 250 Benefit Street | Providence RI 02903   444 Westminster st, 2nd fl |
| Providence RI 02903 | Providence RI 02903 |
| (401) 222-3250 | |

**TO THE DEFENDANT, James Lombardi:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 3/23/2018. | /s/ Henry Kinch |
|---|---|
| | Clerk |

Witness the seal/watermark of the Superior Court

3/26/18

A true copy attest
Michael Gonzales

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff<br>Roberta Ricci<br> v. <br>Defendant<br>City Of Providence | Civil Action File Number<br>PC-2018-1933 |
|---|---|

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, James Lombardi, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: _____ / _____ / _____        SERVICE FEE $_____
               Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____  ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2



SC-CMS-1 (revised July 2014)

Case Number: PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS    Document 1-1    Filed 03/30/18    Page 6 of 52 PageID #: 12

**STATE OF RHODE ISLAND**                                **SUPERIOR COURT**
**PROVIDENCE, SC**

| | |
|---|---|
| ROBERTA RICCI, | ) |
| DACHELLE L. THREATS, | ) |
| VINCENT PIZZI, | ) |
| DIANE DINOBILE | ) |
| ABIGAIL TORRES, | ) |
| JOHN BORDEN, and | ) |
| NORTH AMERICAN AUTO LEASING, LLC, | ) |
| individually, | ) |
| and on behalf of all others similarly situated, | ) |
| | ) CASE NO. PC-2018-1933 |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF PROVIDENCE, by and through | ) **CLASS ACTION COMPLAINT** |
| its Treasurer, James J. Lombardi, III | ) DAMAGES |
| | ) DECLARATORY RELIEF |
| | ) EQUITABLE/INJUNCTIVE RELIEF |
| Defendant. | ) **JURY TRIAL DEMANDED** |
| | ) |

## CLASS ACTION COMPLAINT

### INTRODUCTION

This civil action lawsuit seeks to hold the City of Providence (hereafter also referred to "City" or "Providence" or "Defendant") liable for its misguided effort relating to the City's implementation and usage of an automated camera technology system for the issuance of school zone motor vehicle speeding violations to owners and operators of motor vehicles travelling on portions of City roadways that are designated as school zones.

In 2016, the Rhode Island General Assembly enacted the "Automated School-Zone-Speed-Enforcement System Act of 2016" (hereafter also referred to as "Automated Speed

Case Number: PC-2018-1318
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 7 of 52 PageID #: 13

Enforcement Law).

This lawsuit seeks to redress Defendant's actions and omissions relating to Defendant's unlawful conduct relating to Defendant's employment and operation of its automated school zone speed enforcement camera system (hereafter also referred to as "Automated Speed Camera System"), that Defendant implemented in a manner that lacks total compliance with the recently enacted Automated Speed Enforcement Law.

The City of Providence has utterly failed to: (1) comply with several provisions of the recently enacted Automated Speed Enforcement Law that authorizes the use of automated camera technology for the issuance of school zone motor vehicle speeding violations; and, (2) to provide motor vehicle owners and operators, charged with automated school zone motor vehicle speeding violations, basic federal and state constitutional procedural due process protections.

Defendant has purposefully and knowingly issued and continue to issue defective and invalid summonses to illegally collect and illegally attempt to collect monetary fines from owners and operators of motor vehicles for alleged school zone motor vehicle speeding violations, through information obtained from Defendant's Automated Speed Camera System.

Despite Defendant's failure to comply with several mandatory provisions of the Automated Speed Enforcement Act, Defendant has issued thousands of defective summonses, each demanding a fine of ninety-five dollars ($95.00). Defendant has collected thousands of dollars in fines and fees from owners and operators of motor vehicles and is attempting to collect thousands of dollars in fines from owners and operators of motor vehicles for alleged school zone motor vehicle speeding violations.

Since Defendant has failed to comply with numerous provisions of the Automated Speed Enforcement Law, the summonses that Defendant issued should be declared void and the

Case Number: PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 8 of 52 PageID #: 14

resultant fines that Defendant has collected from owners and operators of motor vehicles should be returned to Plaintiffs and the Class, and the fines that Defendant is attempting to collect from owners and operators of motor vehicles should be dismissed.

Roberta Ricci (hereafter also referred to as "Ricci"), Dachelle L. Threats (hereafter also referred to as "Threats"), Vincent Pizzi (hereafter also referred to as "Pizzi"), Diane Dinobile (hereafter also referred to as "Dinobile"), John Borden (hereafter also referred to as "Borden") and North American Auto Leasing, LLC. (hereafter also referred to as "NAAL") (hereafter Ricci, Threats, Pizzi, Dinobile, Borden and NAAL collectively also referred to as "Class Plaintiffs") by and through Plaintiffs' undersigned counsel (hereafter also referred to as "Counsel"), bring this civil action lawsuit against the City of Providence (hereafter also referred to as "Defendant"), pursuant to Rhode Island Rules of Civil Procedure Rule 23 on class actions, (hereafter also referred to as "Class Action"), as an individual complaint on behalf of themselves and as a putative Class Action on behalf of a proposed Rhode Island class of similarly situated individuals and entities as heretofore defined (hereafter also referred to as "Class" or "Class Members").

Abigail Torres (hereafter also referred to as "Torres" or "Subclass Plaintiff") brings this Class Action, pursuant to Rhode Island Rules of Civil Procedure Rule 23 on class actions, as an individual complaint on behalf of herself, and as a putative Class Action on behalf of a proposed Rhode Island Subclass of similarly situated individuals and entities as heretofore defined (hereafter also referred to as "Subclass" or "Subclass Members").

Class Plaintiffs, on their own behalf and on behalf of the Class, and Subclass Plaintiff, on her own behalf and on behalf of the Subclass, bring this Class Action against Defendant, and seek class certification of the Class and the Subclass, damages to the Class in the form of money

- 3 -

Case Number: PC-2018-1931
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 9 of 52 PageID #: 15

paid as fines and fees to the Defendant, as well as equitable and declaratory relief, and equitable, injunctive, and declaratory relief to Torres and the Subclass in the form of a temporary restraining order/preliminary injunction.

Class Plaintiffs and Subclass Plaintiff allege the following facts and claims, on their own behalf and on behalf of the Class and the Subclass, based upon personal knowledge as to Class Plaintiffs' own acts, and based upon personal knowledge as to Subclass Plaintiff's own acts, and upon information and belief based on the investigation conducted by Class Plaintiffs' and Subclass Plaintiff's Counsel as to all other matters:

## **PARTIES**

1.  Roberta Ricci, is a natural person, who at all relevant times relating to the allegations in this Complaint resided in North Providence, Rhode Island.

2.  Dachelle L. Threats, is a natural person, who at all relevant times relating to the allegations in this Complaint resided in Providence, Rhode Island.

3.  Vincent Pizzi, is a natural person, who at all relevant times relating to the allegations in this Complaint resided in North Providence, Rhode Island.

4.  Diane Dinobile, is a natural person, who at all relevant times relating to the allegations in this Complaint resided in North Providence, Rhode Island.

5.  Abigail Torres, is a natural person, who at all relevant times relating to the allegations in this Complaint resided in Pawtucket, Rhode Island.

6.  John Borden, is a natural person, who at all relevant times relating to the allegations in this Complaint resided Johnston, Rhode Island.

- 4 -

Case Number: PC-2018-1518
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 10 of 52 PageID #: 16

7.   North American Auto Leasing, LLC, is a limited liability company registered to do business in the State of Rhode Island, who at all relevant times relating to the allegations in this Complaint was authorized to conduct business in the State of Rhode Island.

8.   Defendant, City of Providence, is a duly authorized and organized municipality under the laws of the State of Rhode Island and is being sued by and through its City Treasurer, James J. Lombardi, III, who is the official designated by R.I.G.L. §45-15-5, as the individual to be named in a lawsuit against the City of Providence.

## JURISDICTION AND VENUE

9.   This Court has subject matter jurisdiction over this civil action lawsuit for injunctive and declaratory relief pursuant to R.I.G.L. §§ 9-30-1 et seq. and 8-2-13.

10.   This Court has personal jurisdiction over the Defendant because the Defendant is a municipality located within the State of Rhode Island and is being sued in its official capacity by Class Plaintiffs and the proposed Class and the Subclass Plaintiff and the proposed Subclass.

11.   Venue for this lawsuit properly lies in Providence County Superior Court, pursuant to R.I.G.L. § 9-4-3, which allows an action to be brought in the Superior Court of the County in which one or more of the Class Plaintiffs, Subclass Plaintiff, or the Defendant resides or does business.  Defendant is a municipality located in Providence County.  Additionally, a substantial part of the acts and omissions giving rise to the claims in this Class Action took place within Providence County, and therefore Defendant resides in this judicial district for venue purposes.

## FACTUAL ALLEGATIONS

12.   In 2016, the State of Rhode Island General Assembly passed the Automated Speed Enforcement Act, with the intention of increasing public safety in school zones.

- 5 -

Case Number PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 11 of 52 PageID #: 17

13.     In 2017, Defendant approved an expansion throughout the City of Providence of their existing traffic camera program, and currently installed and now operate an Automated Speed Camera System in the City of Providence.

14.     Defendant operates its Automated Speed Camera System between the hours of 6:00 A.M. to 8:00 P.M., Monday through Saturday.[1]

15.     Defendant issues summonses demanding a fine of ninety-five dollars ($95.00) per violation.

16.     Defendant has issued over 17,000 summonses since operation of the Automated Speed Camera System began on January 16, 2018 to March 7, 2018.[2]

17.     A significant majority of the summonses Defendant has issued have been generated at the Mount Pleasant Avenue, Charles Street, and Thurbers Avenue Automated Speed Camera System locations.[3]

### FACTUAL ALLEGATIONS RELATING TO THE NAMED PLAINTIFFS

**Roberta Ricci**

18.     Defendant issued a summons to Ricci that contained a demand for payment of a fine of ninety-five dollars ($95.00), for alleged motor vehicle speeding in a school zone in violation of the Automated Speed Enforcement Act.

19.     Ricci's alleged speeding violation occurred on February 6, 2018, while Ricci was travelling northbound at the 300-600 block of Charles Street, in Providence, Rhode Island.

20.     Defendant's Automated Speed Camera System allegedly captured Ricci's vehicle traveling at a speed of 42 miles per hour in a 20 mile per hour school speed zone.

---

[1] http://wpri.com/2018/01/19/heres-where-providence-has-placed-its-speed-cameras/  (last visited, March 22, 1018)
[2] http://wpri.com/2018/03/07/providence-hits-17000-speed-camera-violations/          (last visited, March 22, 2018)
[3] http://wpri.com/2018/03/07/providence-hits-17000-speed-camera-violations/          (last visited, March 22, 2018)

- 6 -

Case Number: PC-2018-1938
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS    Document 1-1    Filed 03/30/18    Page 12 of 52 PageID #: 18

21.    Defendant's summons indicated that Ricci's cited speed was 30 miles per hour.

22.    As of the date of the filing of this Class Action, Ricci has not paid the fine.

**Dachelle L. Threats**

23.    Defendant issued a summons to Threats that contained a demand for payment of a fine of ninety-five dollars ($95.00), for alleged motor vehicle speeding in a school zone in violation of the Automated Speed Enforcement Act.

24.    Threats's alleged speeding violation occurred on January 26, 2018, while Threats was travelling westbound at the 100-400 block of Thurbers Avenue, in Providence, Rhode Island.

25.    Defendant's Automated Speed Camera System allegedly captured Threats's vehicle traveling at a speed of 31 miles per hour in a 20 mile per hour school speed zone.

26.    Defendant's summons indicated that Threats's cited speed was 30 miles per hour.

27.    As of the date of the filing of this Class Action, Threats has paid the fine.

**Vincent Pizzi**

28.    Defendant issued a summons to Pizzi that contained a demand for payment of a fine of ninety-five dollars ($95.00), for alleged motor vehicle speeding in a school zone in violation of the Automated Speed Enforcement Act.

29.    Pizzi's alleged speeding violation occurred on February 9, 2018, while Pizzi was travelling southbound, at the 300-700 block of Mount Pleasant Avenue, in Providence, Rhode Island.

30.    Defendant's Automated Speed Camera System allegedly captured Pizzi's vehicle traveling at a speed of 32 miles per hour in a 20 mile per hour school speed zone.

- 7 -

31.     Defendant's summons indicated that Pizzi's cited speed was 30 miles per hour.

32.     As of the date of the filing of this Class Action, Pizzi has paid the fine.

### Diane Dinobile

33.     Defendant issued a summons to Dinobile that contained a demand for payment of a fine of ninety-five dollars ($95.00), for alleged motor vehicle speeding in a school zone in violation of the Automated Speed Enforcement Act.

34.     Dinobile's alleged speeding violation occurred on February 24, 2018, while Dinobile was travelling northbound at the 300-700 block of Mount Pleasant Avenue, in Providence, Rhode Island.

35.     Defendant's Automated Speed Camera System allegedly captured Dinobile's vehicle traveling at a speed of 38 miles per hour in a 25 mile per hour school speed zone.

36.     Defendant's summons indicated that Dinobile's cited speed was 35 miles per hour.

37.     As of the date of the filing of this Class Action, Dinobile has paid the fine.

### Abigail Torres

38.     Defendant issued a summons to Torres that contained a demand for payment of a fine of ninety-five dollars ($95.00), for alleged motor vehicle speeding in a school zone in violation of the Automated Speed Enforcement Act.

39.     Torres' alleged speeding violation occurred on February 1, 2018, while Torres was travelling northbound, at the 300-600 block of Charles Street, in Providence, Rhode Island.

40.     Defendant's Automated Speed Camera System allegedly captured Torres' vehicle traveling at a speed of 43 miles per hour in a 20 mile per hour school speed zone.

Case Number: PC-2018-1938
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 14 of 52 PageID #: 20

41.     Defendant's summons indicated that Torres cited speed was 30 miles per hour.

42.     As of the date of the filing of this Class Action, Torres has not paid the fine.

43.     Defendant issued a summons to Torres that contained a demand for payment of a fine of ninety-five dollars ($95.00), for alleged motor vehicle speeding in a school zone in violation of the Automated Speed Enforcement Act.

44.     Torres' alleged speeding violation occurred on February 5, 2018, while Torres was travelling northbound, at the 300-600 block of Charles Street, in Providence, Rhode Island.

45.     Defendant's Automated Speed Camera System allegedly captured Torres' vehicle traveling at a speed of 33 miles per hour in a 20 mile per hour school speed zone.

46.     Defendant's summons indicated that Torres cited speed was 30 miles per hour.

47.     As of the date of the filing of this Class Action, Torres has not paid the fine.

48.     Defendant issued a summons to Torres that contained a demand for payment of a fine of ninety-five dollars ($95.00), for alleged motor vehicle speeding in a school zone in violation of the Automated Speed Enforcement Act.

49.     Torres' alleged speeding violation occurred on February 12, 2018, while Torres was travelling northbound, at the 300-600 block of Charles Street, in Providence, Rhode Island.

50.     Defendant's Automated Speed Camera System allegedly captured Torres' vehicle traveling at a speed of 36 miles per hour in a 20 mile per hour school speed zone.

51.     Defendant's summons indicated that Torres cited speed was 30 miles per hour.

52.     As of the date of the filing of this Class Action, Torres has not paid the fine.

53.     Defendant issued a summons to Torres that contained a demand for payment of a fine of ninety-five dollars ($95.00), for alleged motor vehicle speeding in a school zone in violation of the Automated Speed Enforcement Act.

54.     Torres' alleged speeding violation occurred on February 17, 2018, while Torres was travelling northbound, at the 300-600 block of Charles Street, in Providence, Rhode Island.

55.     Defendant's Automated Speed Camera System allegedly captured Torres' vehicle traveling at a speed of 36 miles per hour in a 25 mile per hour school speed zone.

56.     Defendant's summons indicated that Torres cited speed was 35 miles per hour.

57.     As of the date of the filing of this Class Action, Torres has not paid the fine.

### John Borden

58.     Defendant issued a summons to Borden that contained a demand for payment of a fine of ninety-five dollars ($95.00), for alleged motor vehicle speeding in a school zone in violation of the Automated Speed Enforcement Act.

59.     Borden's alleged speeding violation occurred on January 30, 2018, while Borden was travelling northbound, at the 300-600 block of Charles Street, in Providence, Rhode Island.

60.     Defendant's Automated Speed Camera System allegedly captured Borden's vehicle traveling at a speed of 42 miles per hour in a 20 mile per hour school speed zone.

61.     Defendant's summons indicated that Torres cited speed was 30 miles per hour.

62.     As of the date of the filing of this Class Action, Torres has paid the fine.

### North American Auto Leasing, LLC

63.     Defendant issued a summons to NALL that contained a demand for payment of a fine of ninety-five dollars ($95.00), for alleged motor vehicle speeding in school zone in violation of the Automated Speed Enforcement Act.

64.     NAAL's alleged speeding occurred on January 30, 2018 while North American Auto Leasing, LLC was travelling northbound, at the 300-600 block of Charles Street, in Providence, Rhode Island.

Case Number: PC-2018-1938
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

CASE 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 16 of 52 PageID #: 22

65.     Defendant's Automated Speed Camera System allegedly captured NAAL's

vehicle traveling at a speed of 42 miles per hour in a 20 mile per hour school speed zone.

66.     Defendant's summons indicated that NAAL's cited speed was 30 miles per hour.

67.     As of the date of the filing of this Class Action, NAAL has paid the fine.

## GENERAL ALLEGATIONS

**Defendant's Summonses Did Not Provide Actual Notice of the Specific Alleged Speeding Violation Contained in Chapter 14 of Title 31 as Mandated Pursuant to R.I.G.L. § 31-41.3-8(d)(2) of the Automated Speed Enforcement Act**

68.     Pursuant to the statutory mandate contained in R.I.G.L. § 31-41.3-8(d)(2) of the

Automated Speed Enforcement Law, Defendant is required to include upon each summons a

sworn certificate that a trained law enforcement officer has determined that owners and operators

of motor vehicles had operated a motor vehicle in violation of a specific speeding violation

statute, chapter 14 of title 31, relating to speed restrictions that the owner or operator of a motor

vehicle has allegedly violated.

69.     Despite the clear statutory mandate to include a sworn certificate upon each

summons referencing chapter 14 of title 31, Defendant has failed to incorporate any reference to

chapter 14 of title 31 upon the summonses issued by Defendant, but rather incorrectly reference

only the Automated Speed Enforcement Law itself, and in fact only reference section 1 of the

Automated Speed Enforcement Law, which is the Short Title" section of the Automated Speed

Enforcement Law, and not even the entire Automated Speed Enforcement Act.

70.     Defendant's legally insufficient summonses do not provide the statutorily

required notice to Class Plaintiffs and the Class and the Subclass Plaintiff and the Subclass,

pursuant to R.I.G.L. § 31-41.3-8(d)(2), which notice mandates a sworn statement from a law

enforcement officer that "the vehicle was being operated in violation of chapter 14 of title 31

- 11 -

Case Number: PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 17 of 52 PageID #: 23

relating to speed restrictions."

71.     Defendant's summonses only reference the Automated Speed Enforcement Act itself, and in fact only reference section 1 of the Automated Speed Enforcement Act, which is the "Short Title" section of the Automated Speed Enforcement Law, and not the entire Automated Speed Enforcement Law.

72.     Additionally, Defendant's sworn certificate contained in Defendant's legally insufficient summonses fails to reference any specific Rhode Island Statute relating to the alleged speeding violation that the owner or operator of the motor vehicle has allegedly violated.

73.     Therefore, all the summonses issued by the Defendant to the Plaintiffs and the Class, pursuant to the employment and operation of the Automated Speed Camera System, are invalid and legally insufficient because the summonses have not provided actual notice to Class Plaintiffs and the Class, as well to the Subclass Plaintiff and the Subclass, as to the specific alleged motor vehicle speeding violation that the Class Plaintiffs and the Class, as well as Subclass Plaintiff and the Subclass, have been accused of violating.

**Without Any Specific Statutory Authorization, Defendant Has Improperly Attempted to Confer Jurisdiction Upon the City of Providence Municipal Court for Speeding Violation Hearings Afforded to Class Plaintiffs and the Class, as well as to the Subclass Plaintiff and the Subclass**

74.     Defendant's summonses indicate that if one wishes to contest the summons, the hearing will take place before the City of Providence Municipal Court.

75.     Defendant has improperly attempted to confer jurisdiction upon the City of Providence Municipal Court to adjudicate alleged speeding infractions without any Rhode Island statutory authority to confer such jurisdiction.

76.     R.I.G.L. § 8-18-3 does not give the Defendant the authority to issue said summonses. Defendant has improperly attempted to confer jurisdiction upon the City of

- 12 -

Case Number: PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 18 of 52 PageID #: 24

Providence Municipal Court to adjudicate alleged speeding violations for summonses issued, pursuant to the Automated Speed Enforcement Law codified at R.I.G.L. § 31-41.3 et seq., without any Rhode Island statutory authority to confer such jurisdiction.

77.     Defendant's summonses indicate that if one wishes to contest the summons, the hearing will take place before the City of Providence Municipal Court.

78.     Defendant has improperly attempted to confer jurisdiction upon the City of Providence Municipal Court to adjudicate school zone speeding violations resulting from Defendant's summonses issued, pursuant to the Automated Speed Enforcement Law, without any Rhode Island statutory authority to confer such jurisdiction.

79.     R.I.G.L. § 8-18-3 provides an exhaustive listing of state statutory provisions that the municipal courts of this State have jurisdiction to hear violations.

80.     R.I.G.L. § 8-18-3 does not list the Automated Speed Zone Law as one in which municipal courts have jurisdiction to hear violations.

81.     Since, R.I.G.L. § 8-18-3 does not list the Automated Speed Zone Law as one in which municipal courts have jurisdiction to hear violations, the City of Providence Municipal Court does not have jurisdiction to hear school zone speeding violations involving the Automated Speed Zone Law.

82.     Additionally, the Automated Speed Zone Law itself is silent and makes absolutely no mention of jurisdiction for hearings on school zone speeding violations pursuant to the Automated Speed Zone Law.

**Defendant Has Misrepresented to Class Plaintiffs and the Class, as Well as to the Subclass Plaintiff and the Subclass, the Consequences of a Final Adjudication of a Speeding Violation Under the Automated Speed Enforcement Act Pertaining to Insurance Rating Purposes**

83.     Defendant has misrepresented the consequences of a final adjudication of an

- 13 -

Case Number: PC-2018-1538
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 19 of 52 PageID #: 25

alleged school zone speeding violation.  Defendant's summonses state in bold uppercase letters:

**"PAYMENT OF THE PENALTY AMOUNT FOR THE VIOLATION WILL NOT RESULT IN POINTS AND CANNOT BE USED TO INCREASE YOUR INSURANCE RATES."**

84.     In fact, however, the Automated Speed Enforcement Law, in R.I.G.L. § 31-41.3-12(1) states: "**No violation** for which a civil penalty is imposed under this chapter **shall be...used for insurance rating purposes** in providing motor vehicle insurance coverage **until there is a final adjudication of the violation** (emphasis added)."

**Without Any Specific Statutory Authorization, Defendant Has Arbitrarily Imposed Upon Class Plaintiffs and the Class, as Well as to the Subclass Plaintiff and the Subclass, a Fine of  Ninety-Five  Dollars ($95.00) for Alleged School Zone Speeding Violations**

85.     Lacking any Rhode Island statutory authority to impose a monetary fine, Defendant has arbitrarily imposed a ninety-five dollar ($95.00) monetary fine.

86.     The Automated Speed Enforcement Law is completely silent and does not have any penalty provision that authorizes the imposition of any amount of a monetary fine.

**Defendant Has Failed to Provide Actual Notice Required to Plaintiffs and the Class Pursuant to the Requirements of the Automated Speed Enforcement Act, Relating to Posting Signage on Roadways Warning Operators and Owners of Motor Vehicles About the Automated Speed    In Accordance With the Requirements of the Automated Speed Enforcement Act**

87.     Defendant's sworn certificate incorporated into the summons which indicates that a speed zone violation has occurred, fails to take into consideration the Automated Speed Enforcement Act provision contained in R.I.G.L. § 31-41.3-4(4) which states "At least one hundred feet (100') prior to entering an automated school-zone area where a speed-enforcement system is being operated, signs shall be erected warning motorists that they will be entering an area monitored by an automated speed-zone-enforcement system and that violators of speed

- 14 -

Case Number: PC-2018-1338
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 20 of 52 PageID #: 26

limitations may be prosecuted."

88.     A school zone is defined in the Automated Speed Enforcement Act provision

contained in R.I.G.L. § 31-41.3-3(b)(3) as: "…anywhere within a one-quarter (1/4) mile radius

of any type of school in the State of Rhode Island." None of Defendant's signs are within one

hundred feet (100') prior to entering an automated school-zone area.

89.     None of Defendant's signs are within one hundred feet (100') prior to entering an

automated school-zone area.

90.     All the summonses issued by the Defendant to Class Plaintiffs and the Class, as

well as to Subclass Plaintiff and the Subclass, for alleged motor vehicle speeding infractions,

through the employment and operation of the Automated Speed Camera System, are invalid and

legally insufficient since the summonses failed to take into consideration the lack of compliance

with the signage provisions of the Automated Speed Enforcement Law in the sworn statement

from a law enforcement officer that the automated camera images at the scene of the school zone

speeding violation indicate that a violation has been confirmed.

## CLASS ACTION ALLEGATIONS

### Proposed Class

91.     Class Plaintiffs bring this lawsuit on behalf of Class Plaintiffs and the proposed

Class, pursuant to Rhode Island Rules of Civil Procedure Rule 23 on class actions, and seek

certification of a Class consisting of all others similarly situated, initially defined as follows:

> All owners and operators of motor vehicles, with addresses in the State of Rhode Island,
> who from January 16, 2018 to the present, received a summons from the Defendant for
> one or more alleged motor vehicle speeding violations in a school zone, detected by
> Defendant's Automated Speed Camera System authorized by the Automated Speed
> Enforcement Act, and paid money to Defendant in the form of fines and other fees.

### Proposed Subclass

Case Number: PC-2018-1538
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 21 of 52 PageID #: 27

92.     Subclass Plaintiff brings this lawsuit on behalf of Subclass Plaintiff and the proposed Subclass, pursuant to Rhode Island Rules of Civil Procedure Rule 23 on class actions, and seek certification of a Subclass consisting of all others similarly situated, initially defined as follows:

> All owners and operators of motor vehicles, with addresses in the State of Rhode Island, who from January 16, 2018 to the present, received a summons from the Defendant for one or more alleged motor vehicle speeding violations in a school zone, detected by Defendant's Automated Speed Camera System authorized by the Automated Speed Enforcement Act, and who have not paid money to Defendant in the form of fines and other fees.

93.     **Numerosity-Rhode Island Rule of Civil Procedure 23(a)(1)**.   The Class and Subclass is so numerous and geographically dispersed throughout the State of Rhode Island that joinder of all Class Members and Subclass Members is impracticable.   The exact number and identities of Class Members and Subclass Members is unknown, but Plaintiffs are informed and believe that the proposed Class Members and Subclass Members each total in the thousands. The exact number and identities of Class Members and Subclass Members are known to Defendant or can be determined and are readily identifiable and readily ascertainable from Defendant through, including but not limited to, Defendant's reported records and data, computerized information, records and documents in Defendant's possession, custody and control or in the possession, custody and control of agents of the Defendant.   Class Members and Subclass Members can be notified as to the pendency of this Class Action by mass advertisement, by United States postal mail, by electronic email or by other electronic or social media avenues.

94.     **Commonality-Rhode Island Rule of Civil Procedure 23(a)(2)**.   There are questions of law and fact that are common to all Class Members and Subclass Members which questions predominate over any question affecting only an individual Class Member or Subclass

- 16 -

Case Number: PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 22 of 52 PageID #: 28

Member.  Each of these common questions of law and fact is identical for Class Plaintiffs and every Class Member and for Subclass Plaintiff and every Subclass Member.  The Class Members and the Subclass Members were and continue to be subjected to the same practices of the Defendant.  The common questions and principal common issues raised by Class Plaintiffs' and Subclass Plaintiff's claims include:

a. whether Defendant routinely issued summonses attempting to collect monetary fines for alleged school zone speeding violations by owners and operators of motor vehicles, pursuant to the Automated Speed Enforcement Act;

b. whether Defendant routinely collected monetary fines and other fees for alleged school zone speeding violations by owners and operators of motor vehicles, pursuant to the Automated Speed Enforcement Act;

c. whether Defendant's routinely issued summonses, alleging school zone speeding violations by owners and operators of motor vehicles, pursuant to the Automated Speed Enforcement Act, were facially invalid;

d. whether Defendant routinely collected monetary fines and other fees for facially invalid summonses alleging school zone speeding violations by owners and operators of motor vehicles, pursuant to the Automated Speed Enforcement Act;

e. whether Defendant's routinely issued summonses failed to reference the specific alleged school speeding violation allegedly committed by owners and operators of motor vehicles, contained in chapter 14 of title 3, and mandated pursuant to R.I.G.L. § 31-41.3-8(d)(2) of the Automated Speed Enforcement Act;

f. whether Defendant, without any specific statutory authorization, improperly attempted to confer Jurisdiction for alleged school zone speeding violation

- 17 -

Case Number: PC-2018-1938
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 23 of 52 PageID #: 29

hearings upon the City of Providence Municipal Court;

g.      whether Defendant has misrepresented, in the bold statement contained on the summonses issued by Defendant for school zone speeding violations, the consequences of a school zone speeding violation by owners and operators of motor vehicles who have a final adjudication of the school zone speeding violation for insurance rating purposes;

h.      whether Defendant, without any specific statutory authorization, has arbitrarily imposed upon owners and operators of motor vehicles a ninety-five dollar ($95.00) monetary fine for alleged school zone speeding violations, pursuant to the Automated Speed Enforcement Act;

i.      whether Defendant has failed to properly post signage in accordance with the requirements of the Automated Speed Zone Act;

j.      whether the Subclass Plaintiff and the Subclass are entitled to a temporary restraining order/preliminary injunction;

k.      whether Class Plaintiffs and the Class as well as the Subclass Plaintiff and the Subclass are entitled to declaratory relief;

l.      whether Class Plaintiffs and the Class as well as the Subclass Plaintiff and the Subclass have suffered a deprivation of procedural due process in violation of 42 U.S.C. § 1983;

m.      whether Class Plaintiffs and the Class as well as the Subclass Plaintiff and the Subclass have suffered a deprivation of procedural due process rights in violation of the procedural due process clause of the Fourteenth Amendment to the United States Constitution;

- 18 -

Case Number: PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 24 of 52 PageID #: 30

n.      whether Class Plaintiffs and the Class as well as the Subclass Plaintiff and the Subclass have suffered a deprivation of procedural due process rights in violation of Article I, Section 2, of the Rhode Island Constitution;

o.      whether Defendant is liable to Class Plaintiffs and the Class as well as the Subclass Plaintiff and the Subclass for fraudulent concealment/common law fraud;

p.      whether Defendant is liable to Class Plaintiffs and the Class as well as the Subclass Plaintiff and the Subclass for fraudulent concealment/common law fraud;

q.      whether Defendant has been unjustly enriched;

p.      whether Defendant's deprived Class Plaintiffs and the Class as well as the Subclass Plaintiff and the Subclass of their property without due process by failing to establish their prima facie guilt as to the alleged automated school zone speeding camera infractions;

g.      whether Class Plaintiffs and the Class as well as the Subclass Plaintiff and the Subclass have been damaged by the alleged acts and omissions of Defendant, and if so what is the appropriate damage relief for Defendant's violations;

h.      whether Class Plaintiffs and the Class as well as the Subclass Plaintiff and the Subclass have been damaged by the alleged acts and omissions of Defendant, and if so what is the appropriate damage relief for Defendant's violations;

i.      whether Class Plaintiffs and the Class as well as the Subclass Plaintiff and the Subclass are entitled to any other remedies and relief.

Case Number PC-2018-1538
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 25 of 52 PageID #: 31

95.     **Typicality-Rhode Island Rule of Civil Procedure 23(a)(3)**.  Class Plaintiffs'
claims and Subclass Plaintiff's claims are typical of the claims of all the other Class Members
and Subclass Members, because Class Plaintiffs' claims as well as the Subclass Plaintiff's claims
are based on the same legal and remedial theories as the claims of the Class and the Subclass and
arise from the same course of conduct by Defendant.

96.     **Adequacy-Rhode Island Rule of Civil Procedure 23 (a)(4)**.  Class Plaintiffs and
Subclass Plaintiff will thoroughly, fairly and adequately protect the interest of all Class Members
and Subclass Members in the prosecution of this Class Action and in the administration of all
matters relating to the claims stated herein.  Class Plaintiffs are similarly situated with and have
suffered similar injuries as the Class that Class Plaintiffs seek to represent.  Subclass Plaintiffs
are similarly situated with and have suffered similar injuries as the Subclass that Subclass
Plaintiff seeks to represent.    Class Plaintiffs and Subclass Plaintiff have retained competent
Counsel experienced in handling class action lawsuits and complex litigation and have the
resources and financial capabilities to adequately and vigorously prosecute this Class Action.
Neither Class Plaintiffs nor Plaintiffs' Counsel have any interest which might cause them not to
vigorously pursue this Class Action. Neither Subclass Plaintiff nor Subclass Plaintiff's Counsel
have any interest which might cause them not to vigorously pursue this Class Action.    Class
Plaintiffs and Subclass Plaintiff will fairly and adequately protect the interests of the Class and
the Subclass and have no interests that will conflict with interests of the Class or the Subclass.

97.     **Superiority and Manageability-Rhode Island Rule of Civil Procedure
23(b)(3)**.  A class action is superior to other available methods for the fair and efficient
adjudication of this controversy, since individual joinder of the members of the Class or Subclass
is impracticable.  Even if individual Class members and Subclass members were able to afford

individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed and the cost to the court system would be substantial. Additionally, individual litigation could result in contradictory and inconsistent judgments with multiple courts hearing identical individual lawsuits whereby each Plaintiff would have to prove an identical set of facts to recover, resulting in significant delay and expense to Plaintiffs and Defendant. The prosecution of this lawsuit as a class action does not present any unique management difficulties and therefore proceeding as a class action presents fewer management difficulties, conserves judicial resources, conserves resources of the Class Plaintiffs, the Subclass Plaintiff and the Defendant and more fully protects the rights of each Class Member and Subclass Member. Prosecuting this lawsuit as a Class Action will not create any problems with manageability.

98.     Defendant has subjected the entire Class and Subclass to the same violations of the law. Accordingly, class certification is appropriate under Rule 23 of the Rhode Island Rules of Civil Procedure because common issues of law and fact regarding Defendant's uniform violations predominate over individual issues, and class certification is a superior method of resolving these claims. No unusual difficulties are likely to be encountered in the management of the action as a class action.

99.     Defendant has acted and continues to act in a manner that is generally applicable to the entire Class and Subclass, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class and Subclass as a whole.

100.    **Injunctive Relief-Rhode Island Rule of Civil Procedure 23(b)(2)**. Defendant has acted and continues to act on grounds generally applicable to the entire Class and Subclass, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class and the Subclass as a whole.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Temporary Restraining Order/Preliminary Injunction)

101. Subclass Plaintiff, on behalf of Subclass Plaintiff and the Subclass, hereby incorporate by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

102. Subclass Plaintiff and the Subclass will suffer immediate and irreparable injury and damage if the Defendant is not ordered to immediately cease issuing summonses pursuant to the Automated Speed Enforcement Law codified at R.I.G.L. § 31-41.3 et seq.

103. Subclass Plaintiff and the Subclass have no adequate remedy at law.

104. R.I.G.L. § 31-3-5, entitled "Grounds for refusal of registration", provides in R.I.G.L. § 31-3-5(5), that the division of motor vehicles shall refuse to register or transfer a motor vehicle registration if "...the vehicle has been reported by any city or town to the division of motor vehicles as having unpaid fines in the aggregate amount of two hundred dollars ($200) or more..."

105. Subclass Plaintiff and the Subclass are at risk of losing their ability to register their motor vehicles for which there is not adequate remedy at law.

106. Subclass Plaintiff and the Subclass are likely to succeed on the merits of their claims.

107. Subclass Plaintiff hereby requests a temporary restraining/preliminary injunction order to issue against the Defendant preventing Defendant from issuing any new summonses and from attempting to collect on any already issued summonses until further order of this Honorable Court.

Case Number: PC-2018-1938
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 28 of 52 PageID #: 34

108.   Subclass Plaintiff asserts that the issuance of a temporary restraining/preliminary injunction order will not cause an undue burden to the Defendant.

109.   Subclass Plaintiff and the Subclass are entitled to the issuance of a temporary restraining order/injunction to prevent further harm and damage to the Subclass Plaintiff and the Subclass.

110.   Subclass Plaintiff and the Subclass are also entitled to an award of costs, expenses, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

111.   Class Plaintiffs, on behalf of Class Plaintiffs and the Class, as well as Subclass Plaintiff, on behalf of Subclass, hereby incorporate by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

112.   There now exists, between the parties hereto, a dispute and controversy to which the Class Plaintiffs and the Class as well, as the Subclass Plaintiff and the Subclass are entitled to have a declaration of their rights and further relief relating to the facts and circumstances as set forth in this action.

113.   Class Plaintiffs and the Class, as well as Subclass Plaintiff and the Subclass, respectfully request this Honorable Court issue a declaratory judgment declaring: (1) R.I.G.L. § 31-41.3 et seq. does not allow for the issuance of speeding summonses; (2) R.I.G.L. § 8-18-3 does not give the City of Providence Municipal Court the jurisdiction and authority to preside over alleged violations of R.I.G.L. § 31-41.3 et seq.; (3) the ninety-five dollar fine ($95.00) enumerated in the issued summonses does not conform to the provisions of R.I.G.L. § 31-41.3 et seq.; and, (4) the actions of the Defendant unconstitutional pursuant to the United States and the

- 23 -

Case Number: PC-2018-1938
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 29 of 52 PageID #: 35

Rhode Island Constitutions.

## THIRD CAUSE OF ACTION

**(Deprivation of Procedural Due Process Rights in Violation of 42 U.S.C. § 1983)**

114.    Class Plaintiffs, on behalf of Class Plaintiffs and the Class, as well as Subclass Plaintiff, on behalf of Subclass Plaintiff and the Subclass, hereby incorporate by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

115.    Class Plaintiffs and the Class, as well as Subclass Plaintiff and the Subclass have a property interest in the monetary fines demanded by the Defendant's summonses for school zone speeding violations imposed by the Defendant through the employment and operation of Defendant's Automated Speed Camera System, authorized pursuant to the Automated Speed Enforcement Law.

116.    Defendant has improperly attempted to confer jurisdiction upon the City of Providence Municipal Court to adjudicate alleged speeding violations for summonses issued, pursuant to the Automated Speed Enforcement Law codified at R.I.G.L. § 31-41.3 et seq., without any Rhode Island statutory authority to confer such jurisdiction.

117.    Defendant's summonses indicate that if one wishes to contest the summons, the hearing will take place before the City of Providence Municipal Court.

118.    Defendant has improperly attempted to confer jurisdiction upon the City of Providence Municipal Court to adjudicate school zone speeding violations resulting from Defendant's summonses issued, pursuant to the Automated Speed Enforcement Law, without any Rhode Island statutory authority to confer such jurisdiction.

119.    R.I.G.L. § 8-18-3 provides an exhaustive listing of state statutory provisions that

- 24 -

the municipal courts of this State have jurisdiction to hear violations.

120.    R.I.G.L. § 8-18-3 does not list the Automated Speed Zone Law as one in which municipal courts have jurisdiction to hear violations.

121.    Since, R.I.G.L. § 8-18-3 does not list the Automated Speed Zone Law as one in which municipal courts have jurisdiction to hear violations, the City of Providence Municipal Court has not jurisdiction to hear school zone speeding violations involving the Automated Speed Zone Law.

122.    Additionally, the Automated Speed Zone Law itself is silent and makes absolutely no mention of jurisdiction for hearings on school zone speeding violations pursuant to the Automated Speed Zone Law.

123.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, proper notice to a meaningful, full and fair hearing, to contest school zone speeding violations, and therefore deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural due process protections.

124.    Pursuant to the statutory mandate contained in R.I.G.L. § 31-41.3-8(d)(2) of the Automated Speed Enforcement Law, Defendant is required to include upon each summons a sworn certificate that a trained law enforcement officer has determined that owners and operators of motor vehicles had operated a motor vehicle in violation of a specific speeding violation statute, chapter 14 of title 31, relating to speed restrictions that the owner or operator of a motor vehicle has allegedly violated.

125.    Defendant's legally insufficient summonses do not provide the statutorily required notice to Class Plaintiffs and the Class and the Subclass Plaintiff and the Subclass, pursuant to R.I.G.L. § 31-41.3-8(d)(2), which notice mandates a sworn statement from a law

- 25 -

Case Number: PC-2018-1988
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 31 of 52 PageID #: 37

enforcement officer that "the vehicle was being operated in violation of chapter 14 of title 31 relating to speed restrictions."

126.    Despite the clear statutory mandate to include a sworn certificate upon each summons referencing chapter 14 of title 31, Defendant has failed to incorporate any reference to chapter 14 of title 31 upon the summonses issued by Defendant, but rather incorrectly reference only the Automated Speed Enforcement Law itself, and in fact only reference section 1 of the Automated Speed Enforcement Law, which is the Short Title" section of the Automated Speed Enforcement Law, and not even the entire Automated Speed Enforcement Act.

127.    Additionally, Defendant's sworn certificate contained in Defendant's legally insufficient summonses fails to reference any specific Rhode Island Statute relating to the alleged speeding violation that the owner or operator of the motor vehicle has allegedly violated.

128.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, proper notice as to do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, proper notice to a meaningful, full and fair hearing, to contest school zone speeding violations because of the lack of a reference to the specific statutory school zone speeding violation that the Class Plaintiffs and the Class and the Subclass Plaintiff and the Subclass has been charged with, and therefore deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural due process protections.

129.    Defendant has misrepresented the consequences of a final adjudication of an alleged school zone speeding violation.  Defendant's summonses state in bold uppercase letters: **"PAYMENT OF THE PENALTY AMOUNT FOR THE VIOLATION WILL NOT RESULT IN POINTS AND CANNOT BE USED TO INCREASE YOUR INSURANCE**

- 26 -

Case Number: PC-2018-1533
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 32 of 52 PageID #: 38

RATES."

130.    In fact, however, the Automated Speed Enforcement Law, in R.I.G.L. § 31-41.3-12(1) states: "**No violation** for which a civil penalty is imposed under this chapter **shall be...used for insurance rating purposes** in providing motor vehicle insurance coverage **until there is a final adjudication of the violation** (emphasis added)."

131.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, proper truthful notice and an opportunity to object, in a meaningful full and fair hearing, to school zone speeding violations, and therefore deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural due process protections.

132.    Lacking any Rhode Island statutory authority to impose a monetary fine, Defendant has arbitrarily imposed a ninety-five dollar ($95.00) monetary fine.

133.    The Automated Speed Enforcement Law is completely silent and does not have any penalty provision that authorizes the imposition of any amount of a monetary fine.

134.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, do not provide proper truthful notice as to the imposition of the monetary fine, and an opportunity to object to the school zone speeding violation in a proper, meaningful, full and fair hearing, and therefore deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural due process protections.

135.    Defendant's sworn certificate incorporated into the summons which indicates that a speed zone violation has occurred, fails to take into consideration the Automated Speed Enforcement Act provision contained in R.I.G.L. § 31-41.3-4(4) which states "At least one hundred feet (100') prior to entering an automated school-zone area where a speed-enforcement

- 27 -

system is being operated, signs shall be erected warning motorists that they will be entering an

area monitored by an automated speed-zone-enforcement system and that violators of speed

limitations may be prosecuted."

136.     A school zone is defined in the Automated Speed Enforcement Act provision

contained in R.I.G.L. § 31-41.3-3(b)(3) as: "…anywhere within a one-quarter (1/4) mile radius

of any type of school in the State of Rhode Island."  None of Defendant's signs are within one

hundred feet (100') prior to entering an automated school-zone area.

137.     None of Defendant's signs are within one hundred feet (100') prior to entering an

automated school-zone area.

138.     All the summonses issued by the Defendant to Plaintiffs and the Class, for alleged

motor vehicle speeding infractions, through the employment and operation of the Automated

Speed Camera System, are invalid and legally insufficient since the summonses failed to take

into consideration the lack of compliance with the signage provisions of the Automated Speed

Enforcement Law in the sworn statement from a law enforcement officer that the automated

camera images at the scene of the school zone speeding violation indicate that a violation has

been confirmed.

139.     Defendant's legally insufficient summonses do not provide to Class Plaintiffs and

the Class and to the Subclass Plaintiff and the Subclass, do not provide proper truthful notice to a

meaningful, full and fair hearing, as to the Defendant's compliance with the signage mandates of

the Automated Speed Enforcement Law, and an opportunity to object to the sworn statement

concluding that a school zone speeding violation has in fact occurred, and therefore deprives

Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural due

process protections.

- 28 -

Case Number PC-2018-1533
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 34 of 52 PageID #: 40

140. Defendant was aware that Plaintiffs and the Class were receiving invalid and legally insufficient summonses.

141. Defendant continued to collect fines from owners and operators of vehicles based on the invalid and legally insufficient summonses resulting in depriving Plaintiffs and Class of their property without due process in violation of the United States Constitution.

142. Therefore, all the summonses issued by the Defendant to the Plaintiffs and the Class, pursuant to the employment and operation of the Automated Speed Camera System, are invalid and legally insufficient because the summonses have not provided actual notice to Plaintiffs and the Class as to the specific alleged motor vehicle speeding violation that the Plaintiffs and the Class have been accused of violating.

143. Plaintiffs and the Class are entitled to legal and equitable relief, including damages, interest, costs and attorneys' fees and/or other relief as deemed appropriate.

## FOURTH CAUSE OF ACTION

### (Deprivation of Procedural Due Process in Violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution)

144. Class Plaintiffs, on behalf of Class Plaintiffs and the Class, as well as Subclass Plaintiff, on behalf of Subclass Plaintiff and the Subclass, hereby incorporate by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

145. Class Plaintiffs and the Class, as well as Subclass Plaintiff and the Subclass have a property interest in the monetary fines demanded by the Defendant's summonses for school zone speeding violations imposed by the Defendant through the employment and operation of Defendant's Automated Speed Camera System, authorized pursuant to the Automated Speed Enforcement Law.

- 29 -

Case Number PC-2018-1388
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 35 of 52 PageID #: 41

146.    Defendant has improperly attempted to confer jurisdiction upon the City of Providence Municipal Court to adjudicate alleged speeding violations for summonses issued, pursuant to the Automated Speed Enforcement Law codified at R.I.G.L. § 31-41.3 et seq., without any Rhode Island statutory authority to confer such jurisdiction.

147.    Defendant's summonses indicate that if one wishes to contest the summons, the hearing will take place before the City of Providence Municipal Court.

148.    Defendant has improperly attempted to confer jurisdiction upon the City of Providence Municipal Court to adjudicate school zone speeding violations resulting from Defendant's summonses issued, pursuant to the Automated Speed Enforcement Law, without any Rhode Island statutory authority to confer such jurisdiction.

149.    R.I.G.L. § 8-18-3 provides an exhaustive listing of state statutory provisions that the municipal courts of this State have jurisdiction to hear violations.

150.    R.I.G.L. § 8-18-3 does not list the Automated Speed Zone Law as one in which municipal courts have jurisdiction to hear violations.

151.    Since, R.I.G.L. § 8-18-3 does not list the Automated Speed Zone Law as one in which municipal courts have jurisdiction to hear violations, the City of Providence Municipal Court has not jurisdiction to hear school zone speeding violations involving the Automated Speed Zone Law.

152.    Additionally, the Automated Speed Zone Law itself is silent and makes absolutely no mention of jurisdiction for hearings on school zone speeding violations pursuant to the Automated Speed Zone Law.

153.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, proper notice to a meaningful, full and

- 30 -

Case Number: PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 36 of 52 PageID #: 42

fair hearing, to contest school zone speeding violations, and therefore deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural due process protections.

154.    Pursuant to the statutory mandate contained in R.I.G.L. § 31-41.3-8(d)(2) of the Automated Speed Enforcement Law, Defendant is required to include upon each summons a sworn certificate that a trained law enforcement officer has determined that owners and operators of motor vehicles had operated a motor vehicle in violation of a specific speeding violation statute, chapter 14 of title 31, relating to speed restrictions that the owner or operator of a motor vehicle has allegedly violated.

155.    Defendant's legally insufficient summonses do not provide the statutorily required notice to Class Plaintiffs and the Class and the Subclass Plaintiff and the Subclass, pursuant to R.I.G.L. § 31-41.3-8(d)(2), which notice mandates a sworn statement from a law enforcement officer that "the vehicle was being operated in violation of chapter 14 of title 31 relating to speed restrictions."

156.    Despite the clear statutory mandate to include a sworn certificate upon each summons referencing chapter 14 of title 31, Defendant has failed to incorporate any reference to chapter 14 of title 31 upon the summonses issued by Defendant, but rather incorrectly reference only the Automated Speed Enforcement Law itself, and in fact only reference section 1 of the Automated Speed Enforcement Law, which is the Short Title" section of the Automated Speed Enforcement Law, and not even the entire Automated Speed Enforcement Act.

157.    Additionally, Defendant's sworn certificate contained in Defendant's legally insufficient summonses fails to reference any specific Rhode Island Statute relating to the alleged speeding violation that the owner or operator of the motor vehicle has allegedly violated.

158.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and

- 31 -

Case Number: PC-2018-1938
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 4:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 37 of 52 PageID #: 43

the Class and to the Subclass Plaintiff and the Subclass, proper notice as to do not provide to

Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, proper notice to a

meaningful, full and fair hearing, to contest school zone speeding violations because of the lack

of a reference to the specific statutory school zone speeding violation that the Class Plaintiffs and

the Class and the Subclass Plaintiff and the Subclass has been charged with, and therefore

deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural

due process protections.

159.    Defendant has misrepresented the consequences of a final adjudication of an

alleged school zone speeding violation.  Defendant's summonses state in bold uppercase letters:

**"PAYMENT OF THE PENALTY AMOUNT FOR THE VIOLATION WILL NOT
RESULT IN POINTS AND CANNOT BE USED TO INCREASE YOUR INSURANCE
RATES."**

160.    In fact, however, the Automated Speed Enforcement Law, in R.I.G.L. § 31-41.3-

12(1) states: "**No violation** for which a civil penalty is imposed under this chapter **shall

be...used for insurance rating purposes** in providing motor vehicle insurance coverage **until

there is a final adjudication of the violation** (emphasis added)."

161.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and

the Class and to the Subclass Plaintiff and the Subclass, proper truthful notice and an opportunity

to object, in a meaningful full and fair hearing, to school zone speeding violations, and therefore

deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural

due process protections.

162.    Lacking any Rhode Island statutory authority to impose a monetary fine,

Defendant has arbitrarily imposed a ninety-five dollar ($95.00) monetary fine.

- 32 -

Case Number PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 38 of 52 PageID #: 44

163.    The Automated Speed Enforcement Law is completely silent and does not have any penalty provision that authorizes the imposition of any amount of a monetary fine.

164.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, do not provide proper truthful notice as to the imposition of the monetary fine, and an opportunity to object to the school zone speeding violation in a proper, meaningful, full and fair hearing, and therefore deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural due process protections.

165.    Defendant's sworn certificate incorporated into the summons which indicates that a speed zone violation has occurred, fails to take into consideration the Automated Speed Enforcement Act provision contained in R.I.G.L. § 31-41.3-4(4) which states "At least one hundred feet (100') prior to entering an automated school-zone area where a speed-enforcement system is being operated, signs shall be erected warning motorists that they will be entering an area monitored by an automated speed-zone-enforcement system and that violators of speed limitations may be prosecuted."

166.    A school zone is defined in the Automated Speed Enforcement Act provision contained in R.I.G.L. § 31-41.3-3(b)(3) as: "…anywhere within a one-quarter (1/4) mile radius of any type of school in the State of Rhode Island."  None of Defendant's signs are within one hundred feet (100') prior to entering an automated school-zone area.

167.    None of Defendant's signs are within one hundred feet (100') prior to entering an automated school-zone area.

168.    All the summonses issued by the Defendant to Plaintiffs and the Class, for alleged motor vehicle speeding infractions, through the employment and operation of the Automated Speed Camera System, are invalid and legally insufficient since the summonses failed to take

- 33 -

Case Number: PC-2018-1938
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 39 of 52 PageID #: 45

into consideration the lack of compliance with the signage provisions of the Automated Speed Enforcement Law in the sworn statement from a law enforcement officer that the automated camera images at the scene of the school zone speeding violation indicate that a violation has been confirmed.

169.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, do not provide proper truthful notice to a meaningful, full and fair hearing, as to the Defendant's compliance with the signage mandates of the Automated Speed Enforcement Law, and an opportunity to object to the sworn statement concluding that a school zone speeding violation has in fact occurred, and therefore deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural due process protections.

170.    Defendant was aware that Plaintiffs and the Class were receiving invalid and legally insufficient summonses.

171.    Defendant continued to collect fines from owners and operators of vehicles based on the invalid and legally insufficient summonses resulting in depriving Plaintiffs and Class of their property without due process in violation of the United States Constitution.

172.    Therefore, all the summonses issued by the Defendant to the Plaintiffs and the Class, pursuant to the employment and operation of the Automated Speed Camera System, are invalid and legally insufficient because the summonses have not provided actual notice to Class Plaintiffs and the Class, as well as Subclass Plaintiff and the Subclass, as to the specific alleged motor vehicle speeding violation that the Class Plaintiffs and the Class, as well as Subclass Plaintiff and the Subclass have been accused of violating.

173.    Plaintiffs and the Class are entitled to legal and equitable relief, including

- 34 -

Case Number PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 40 of 52 PageID #: 46

damages, interest, costs and attorneys' fees and/or other relief as deemed appropriate.

## FIFTH CAUSE OF ACTION

### (Deprivation of Due Process in Violation Article I, Section 2, of the Rhode Island State Constitution)

174.    Class Plaintiffs, on behalf of Class Plaintiffs and the Class, as well as Subclass Plaintiff, on behalf of Subclass Plaintiff and the Subclass, hereby incorporate by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

175.    Class Plaintiffs and the Class, as well as Subclass Plaintiff and the Subclass have a property interest in the monetary fines demanded by the Defendant's summonses for school zone speeding violations imposed by the Defendant through the employment and operation of Defendant's Automated Speed Camera System, authorized pursuant to the Automated Speed Enforcement Law.

176.    Defendant has improperly attempted to confer jurisdiction upon the City of Providence Municipal Court to adjudicate alleged speeding violations for summonses issued, pursuant to the Automated Speed Enforcement Law codified at R.I.G.L. § 31-41.3 et seq., without any Rhode Island statutory authority to confer such jurisdiction.

177.    Defendant's summonses indicate that if one wishes to contest the summons, the hearing will take place before the City of Providence Municipal Court.

178.    Defendant has improperly attempted to confer jurisdiction upon the City of Providence Municipal Court to adjudicate school zone speeding violations resulting from Defendant's summonses issued, pursuant to the Automated Speed Enforcement Law, without any Rhode Island statutory authority to confer such jurisdiction.

179.    R.I.G.L. § 8-18-3 provides an exhaustive listing of state statutory provisions that

- 35 -

Case Number PC-2018-1938
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 41 of 52 PageID #: 47

the municipal courts of this State have jurisdiction to hear violations.

180.    R.I.G.L. § 8-18-3 does not list the Automated Speed Zone Law as one in which municipal courts have jurisdiction to hear violations.

181.    Since, R.I.G.L. § 8-18-3 does not list the Automated Speed Zone Law as one in which municipal courts have jurisdiction to hear violations, the City of Providence Municipal Court does not have jurisdiction to hear school zone speeding violations involving the Automated Speed Zone Law.

182.    Additionally, the Automated Speed Zone Law itself is silent and makes absolutely no mention of jurisdiction for hearings on school zone speeding violations pursuant to the Automated Speed Zone Law.

183.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, proper notice to a meaningful, full and fair hearing, to contest school zone speeding violations, and therefore deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural due process protections.

184.    Pursuant to the statutory mandate contained in R.I.G.L. § 31-41.3-8(d)(2) of the Automated Speed Enforcement Law, Defendant is required to include upon each summons a sworn certificate that a trained law enforcement officer has determined that owners and operators of motor vehicles had operated a motor vehicle in violation of a specific speeding violation statute, chapter 14 of title 31, relating to speed restrictions that the owner or operator of a motor vehicle has allegedly violated.

185.    Defendant's legally insufficient summonses do not provide the statutorily required notice to Class Plaintiffs and the Class and the Subclass Plaintiff and the Subclass, pursuant to R.I.G.L. § 31-41.3-8(d)(2), which notice mandates a sworn statement from a law

- 36 -

Case Number PC-2018-1138
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 42 of 52 PageID #: 48

enforcement officer that "the vehicle was being operated in violation of chapter 14 of title 31 relating to speed restrictions."

186.    Despite the clear statutory mandate to include a sworn certificate upon each summons referencing chapter 14 of title 31, Defendant has failed to incorporate any reference to chapter 14 of title 31 upon the summonses issued by Defendant, but rather incorrectly reference only the Automated Speed Enforcement Law itself, and in fact only reference section 1 of the Automated Speed Enforcement Law, which is the Short Title" section of the Automated Speed Enforcement Law, and not even the entire Automated Speed Enforcement Act.

187.    Additionally, Defendant's sworn certificate contained in Defendant's legally insufficient summonses fails to reference any specific Rhode Island Statute relating to the alleged speeding violation that the owner or operator of the motor vehicle has allegedly violated.

188.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, proper notice as to do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, proper notice to a meaningful, full and fair hearing, to contest school zone speeding violations because of the lack of a reference to the specific statutory school zone speeding violation that the Class Plaintiffs and the Class and the Subclass Plaintiff and the Subclass has been charged with, and therefore deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural due process protections.

189.    Defendant has misrepresented the consequences of a final adjudication of an alleged school zone speeding violation.  Defendant's summonses state in bold uppercase letters: **"PAYMENT OF THE PENALTY AMOUNT FOR THE VIOLATION WILL NOT RESULT IN POINTS AND CANNOT BE USED TO INCREASE YOUR INSURANCE**

- 37 -

Case Number PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 43 of 52 PageID #: 49

RATES."

190.    In fact, however, the Automated Speed Enforcement Law, in R.I.G.L. § 31-41.3-12(1) states: "**No violation** for which a civil penalty is imposed under this chapter **shall be...used for insurance rating purposes** in providing motor vehicle insurance coverage **until there is a final adjudication of the violation** (emphasis added)."

191.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, proper truthful notice and an opportunity to object, in a meaningful full and fair hearing, to school zone speeding violations, and therefore deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural due process protections.

192.    Lacking any Rhode Island statutory authority to impose a monetary fine, Defendant has arbitrarily imposed a ninety-five dollar ($95.00) monetary fine.

193.    The Automated Speed Enforcement Law is completely silent and does not have any penalty provision that authorizes the imposition of any amount of a monetary fine.

194.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, do not provide proper truthful notice as to the imposition of the monetary fine, and an opportunity to object to the school zone speeding violation in a proper, meaningful, full and fair hearing, and therefore deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural due process protections.

195.    Defendant's sworn certificate incorporated into the summons which indicates that a speed zone violation has occurred, fails to take into consideration the Automated Speed Enforcement Act provision contained in R.I.G.L. § 31-41.3-4(4) which states "At least one hundred feet (100') prior to entering an automated school-zone area where a speed-enforcement

- 38 -

Case Number: PC-2018-1908
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 44 of 52 PageID #: 50

system is being operated, signs shall be erected warning motorists that they will be entering an area monitored by an automated speed-zone-enforcement system and that violators of speed limitations may be prosecuted."

196.    A school zone is defined in the Automated Speed Enforcement Act provision contained in R.I.G.L. § 31-41.3-3(b)(3) as: "…anywhere within a one-quarter (1/4) mile radius of any type of school in the State of Rhode Island."  None of Defendant's signs are within one hundred feet (100') prior to entering an automated school-zone area.

197.    None of Defendant's signs are within one hundred feet (100') prior to entering an automated school-zone area.

198.    All the summonses issued by the Defendant to Plaintiffs and the Class, for alleged motor vehicle speeding infractions, through the employment and operation of the Automated Speed Camera System, are invalid and legally insufficient since the summonses failed to take into consideration the lack of compliance with the signage provisions of the Automated Speed Enforcement Law in the sworn statement from a law enforcement officer that the automated camera images at the scene of the school zone speeding violation indicate that a violation has been confirmed.

199.    Defendant's legally insufficient summonses do not provide to Class Plaintiffs and the Class and to the Subclass Plaintiff and the Subclass, do not provide proper truthful notice to a meaningful, full and fair hearing, as to the Defendant's compliance with the signage mandates of the Automated Speed Enforcement Law, and an opportunity to object to the sworn statement concluding that a school zone speeding violation has in fact occurred, and therefore deprives Class Plaintiffs and the Class and Subclass Plaintiff and the Subclass federal procedural due process protections.

- 39 -

Case Number PC-2018-1938
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 45 of 52 PageID #: 51

200.    Defendant was aware that Plaintiffs and the Class were receiving invalid and legally insufficient summonses.

201.    Defendant continued to collect fines from owners and operators of vehicles based on the invalid and legally insufficient summonses resulting in depriving Plaintiffs and Class of their property without due process in violation of the United States Constitution.

202.    Therefore, all the summonses issued by the Defendant to the Plaintiffs and the Class, pursuant to the employment and operation of the Automated Speed Camera System, are invalid and legally insufficient because the summonses have not provided actual notice to Plaintiffs and the Class as to the specific alleged motor vehicle speeding violation that the Plaintiffs and the Class have been accused of violating.

203.    Plaintiffs and the Class are entitled to legal and equitable relief, including damages, interest, costs and attorneys' fees and/or other relief as deemed appropriate.

### SIXTH CAUSE OF ACTION

#### (Fraudulent Concealment/Common Law Fraud)

204.    Class Plaintiffs, on behalf of Class Plaintiffs and the Class, as well as Subclass Plaintiff, on behalf of Subclass Plaintiff and the Subclass, hereby incorporate by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

205.    Defendant issued summonses for alleged school zone speed violations, through the employment and operation of its Automated Speed Camera System to Class Plaintiffs and the Class, as well as Subclass Plaintiff and the Class, that were invalid and legally insufficient in their failure to comply with the State Statutory provisions of R.I.G.L. § 31-41.3-1 et seq.

206.    Defendant's summonses state in bold uppercase letters: "PAYMENT OF THE

- 40 -

Case Number: PC-2018-1938
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 46 of 52 PageID #: 52

PENALTY AMOUNT FOR THE VIOLATION WILL NOT RESULT IN POINTS AND CANNOT BE USED TO INCREASE YOUR INSURANCE RATES."

207.    In fact, however, the Statutory authority states: "No violation for which a civil penalty is imposed under this chapter shall be…used for insurance rating purposes in providing motor vehicle insurance coverage until there is a final adjudication of the violation."

208.    Defendant's misrepresentations with respect to the affect of a violation on motor vehicle insurance have induced Class Plaintiffs and the Class to pay the fines.

209.    Defendant was aware that Class Plaintiffs and the Class, as well as Subclass Plaintiff and the Subclass, were receiving invalid and legally insufficient summonses.

210.    Lacking any Rhode Island statutory authority to impose a monetary fine, Defendant has arbitrarily imposed a ninety-five dollar ($95.00) monetary fine.

211.    Defendant's summonses indicate that if one wishes to contest the summons, the hearing will take place before the City of Providence Municipal Court.

212.    Defendant has improperly attempted to confer jurisdiction upon the City of Providence Municipal Court to adjudicate alleged speeding violations for summonses issued, pursuant to the Automated Speed Enforcement Law codified at R.I.G.L. § 31-41.3 et seq., without any Rhode Island statutory authority to confer such jurisdiction.

213.    R.I.G.L. § 8-18-3 which refers to the jurisdiction does not give the Defendant the authority to issue said summonses.

214.    R.I.G.L. § 31-41.3 et seq. is silent with respect to jurisdiction for hearing and makes absolutely no mention of jurisdiction for hearings.

215.    Defendant's sworn certificate incorporated into the summons which indicates that a speed zone violation has occurred, fails to take into consideration the Automated Speed

- 41 -

Case Number: PC-2018-1338
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Enforcement Act provision contained in R.I.G.L. § 31-41.3-4(4) which states "At least one hundred feet (100') prior to entering an automated school-zone area where a speed-enforcement system is being operated, signs shall be erected warning motorists that they will be entering an area monitored by an automated speed-zone-enforcement system and that violators of speed limitations may be prosecuted."

216.   A school zone is defined in the Automated Speed Enforcement Act provision contained in R.I.G.L. § 31-41.3-3(b)(3) as: "…anywhere within a one-quarter (1/4) mile radius of any type of school in the State of Rhode Island." None of Defendant's signs are within one hundred feet (100') prior to entering an automated school-zone area.

217.   Defendant continued to collect fines from owners and operators of vehicles based on the invalid and legally insufficient summonses resulting in depriving Plaintiffs and Class of their property.

218.   Defendants falsely represented and omitted facts to indicated that the summonses sent to Plaintiffs and the Class were legally sufficient to satisfy the notice provisions of the Statute, with the knowledge that those representations were false, and with the intent that Plaintiffs and the Class rely upon the false representations and/or omissions and/or concealments of material facts.

219.   Class Plaintiffs and the Class, as well as Subclass Plaintiff and the Subclass reasonably relied upon Defendants' false representations and/or omissions and/or concealments of material facts.

220.   Plaintiffs and the Class has sustained economic injury by paying the fines for the legally insufficient summonses.

221.   Due to Defendants' fraudulent acts and omissions, Plaintiffs and the Class are

Case Number: PC-2018-1938
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 48 of 52 PageID #: 54

entitled to legal and equitable relief, including damages, interest, costs, attorneys' fees and/or other relief as deemed appropriate.

## SEVENTH CAUSE OF ACTION

### (Negligent Misrepresentation)

222.    Class Plaintiffs, on behalf of Class Plaintiffs and the Class, as well as Subclass Plaintiff, on behalf of Subclass Plaintiff and the Subclass, hereby incorporate by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

223.    Defendant issued summonses for alleged school zone speed violations, through the employment and operation of its Automated Speed Camera System to Class Plaintiffs and the Class, as well as Subclass Plaintiff and the Class, that were invalid and legally insufficient in their failure to comply with the State Statutory provisions of R.I.G.L. § 31-41.3-1 et seq.

224.    Defendant's summonses state in bold uppercase letters: "PAYMENT OF THE PENALTY AMOUNT FOR THE VIOLATION WILL NOT RESULT IN POINTS AND CANNOT BE USED TO INCREASE YOUR INSURANCE RATES."

225.    In fact, however, the Statutory authority states: "No violation for which a civil penalty is imposed under this chapter shall be...used for insurance rating purposes in providing motor vehicle insurance coverage until there is a final adjudication of the violation."

226.    Defendants' negligent misrepresentations with respect to the effect of a violation on motor vehicle insurance have induced Class Plaintiffs and the Class to pay the fines.

227.    Lacking any Rhode Island statutory authority to impose a monetary fine, Defendant has arbitrarily imposed a ninety-five dollar ($95.00) monetary fine.

228.    Defendant's summonses indicate that if one wishes to contest the summons, the

- 43 -

Case Number: PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 49 of 52 PageID #: 55

hearing will take place before the City of Providence Municipal Court.

229.    Defendant has improperly attempted to confer jurisdiction upon the City of Providence Municipal Court to adjudicate alleged speeding violations for summonses issued, pursuant to the Automated Speed Enforcement Law codified at R.I.G.L. § 31-41.3 et seq., without any Rhode Island statutory authority to confer such jurisdiction.

230.    R.I.G.L. § 8-18-3 which refers to the jurisdiction does not give the Defendant the authority to issue said summonses.

231.    R.I.G.L. § 31-41.3 et seq. is silent with respect to jurisdiction for hearing and makes absolutely no mention of jurisdiction for hearings.

232.    Defendant's sworn certificate incorporated into the summons which indicates that a speed zone violation has occurred, fails to take into consideration the Automated Speed Enforcement Act provision contained in R.I.G.L. § 31-41.3-4(4) which states "At least one hundred feet (100') prior to entering an automated school-zone area where a speed-enforcement system is being operated, signs shall be erected warning motorists that they will be entering an area monitored by an automated speed-zone-enforcement system and that violators of speed limitations may be prosecuted."

233.    A school zone is defined in the Automated Speed Enforcement Act provision contained in R.I.G.L. § 31-41.3-3(b)(3) as: "…anywhere within a one-quarter (1/4) mile radius of any type of school in the State of Rhode Island." None of Defendant's signs are within one hundred feet (100') prior to entering an automated school-zone area.

234.    Defendants continued to collect fines from owners and operators of vehicles based on the invalid and legally insufficient summonses resulting in depriving Plaintiffs and Class of their property.

- 44 -

Case Number: PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 50 of 52 PageID #: 56

235.    Defendants negligently represented and omitted facts to indicate that the summonses sent to Class Plaintiffs and the Class, and to the Subclass Plaintiff and the Subclass, were legally sufficient to satisfy the notice provisions of the Statute, and the Class Plaintiffs and the Class, as well as the Subclass Plaintiff and the Subclass relied upon the negligent representations and/or omissions and/or concealments of material facts.

236.    Class Plaintiffs and the Class, as well as the Subclass Plaintiff and the Subclass reasonably relied upon Defendant's negligent representations and/or omissions and/or concealments of material facts to their detriment.

237.    Class Plaintiffs and the Class have sustained economic injury by paying the fines for the legally insufficient summonses.

## EIGHT CAUSE OF ACTION

### (Unjust Enrichment)

238.    Class Plaintiffs, on behalf of Class Plaintiffs and the Class, as well as Subclass Plaintiff, on behalf of Subclass Plaintiff and the Subclass hereby incorporate by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

239.    Defendant has been unjustly enriched by issuing summonses to the Class Plaintiffs and the Class, as well as Subclass Plaintiff and the Subclass, without the proper authority and jurisdiction under the laws of the State of Rhode Island.

240.    Class Plaintiffs and the Class are entitled, in this action in equity for the restitution, return or refund of the monies that Defendant has received through unjust enrichment.

## REQUEST FOR RELIEF

- 45 -

Case Number: PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

WHEREFORE, Class Plaintiffs on behalf of Plaintiffs and the Class, and Subclass Plaintiff on behalf of Subclass Plaintiff and the Subclass, request the following relief:

1. An order certifying that the action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Class Plaintiffs be appointed as Class Representatives of the Class, and that Subclass Plaintiff be appointed as Class Representative of the Subclass, and that Plaintiff's counsel be appointed Class Counsel;

2. Actual damages on behalf of the Class Plaintiffs and the Class;

3. Pre-judgment and post-judgment interest as provided by law;

4. An injunction preventing Defendants from continuing the unlawful conduct alleged herein;

5. Declaratory relief;

6. Temporary Restraining Order/Preliminary Injunction;

7. An award of reasonable attorneys' fees and costs; and

8. Such other relief at law or equity as the court may deem just and proper.

Case Number: PC-2018-1933
Filed in Providence/Bristol County Superior Court
Submitted: 3/23/2018 12:17:02 PM
Envelope: 1464504
Reviewer: Lynn G.

Case 1:18-cv-00171-JJM-PAS   Document 1-1   Filed 03/30/18   Page 52 of 52 PageID #: 58

## JURY TRIAL DEMANDED

Class Plaintiffs and the Class, as well as Subclass Plaintiff and the Subclass demand a trial by

jury on all issues so triable.


DATED: March 23, 2018


/s/ Peter N. Wasylyk
Peter N. Wasylyk (RI Bar # 3351)
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
Email: pnwlaw@aol.com
401-831-7730 (telephone)
401-861-6064 (facsimile)
Email: pnwlaw@aol.com


/s/Peter J. Petrarca
Peter J. Petrarca (RI Bar # 6137)
Petrarca & Petrarca Law Offices
330 Silver Spring Street
Providence, RI 02904
Email: peter330350@gmail.com
401- 273-1111 (telephone)
401-621-2225 (facsimile)


- 47 -